**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GENEVA L. CROSE,

                Plaintiff-Appellant,

        v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

                Defendant-Appellee.

No.    16-35849

D.C. No. 3:15-cv-05682-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Argued and Submitted June 11, 2018
Seattle, Washington

Before:  D.W. NELSON and WATFORD, Circuit Judges, and PREGERSON,[**]
District Judge.

        Geneva Crose appeals from the district court's judgment affirming the

decision of the administrative law judge (ALJ) denying Crose's applications for

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

Social Security Disability and Supplemental Security Income benefits. We reverse and remand for an award of benefits.

1. The ALJ improperly evaluated the medical evidence. Specifically, the ALJ erred in giving "very little weight" to Dr. Wilke's opinion regarding Crose's physical and mental impairments. As Crose's treating physician from 2011 to 2014, Dr. Wilke was able to provide a "detailed, longitudinal picture" of Crose's conditions and offer a "unique perspective" on the medical evidence. 20 C.F.R. § 404.1527(c)(2).

Ordinarily, the treating physician's opinion is given controlling weight if it is well-supported by diagnostic evidence and is not inconsistent with substantial evidence in the record. *See id.* Dr. Wilke's opinion regarding Crose's physical and mental impairments met these criteria and should have been given controlling weight. For example, Dr. Wilke's diagnosis of "psychological factors affecting physical condition" was well-supported by her clinical observations and by the opinions of Dr. Neims, Dr. Almaraz, and Dr. Toews.

Furthermore, even if the treating physician's opinion is not found to be controlling, it should be evaluated according to factors such as supportability, consistency with the overall record, frequency of examination, and length, nature, and extent of the treatment relationship. *See id.* § 404.1527(c)(1)–(6). Under this

analysis, the ALJ should have given at least due deference to Dr. Wilke's opinion based on her well-supported findings and her lengthy, extensive treatment relationship with Crose.

**2.** The ALJ erred in failing to credit much of Crose's testimony regarding her pain and mental health impairments. The ALJ's reasons for rejecting Crose's testimony were not "specific, clear and convincing." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (internal quotation marks omitted).

First, the ALJ suggested that Crose's ability to engage in daily activities—such as caring for children, caring for pets, performing household chores, and communicating and socializing with friends—undermined the credibility of her testimony regarding her physical and mental limitations. However, the ALJ discounted other evidence—including recurrent panic attacks, hallucinations of ghosts, trouble sleeping more than two hours a night, and flashbacks related to childhood sexual abuse—indicating limitations in Crose's ability to engage in daily activities. Thus, the ALJ's finding that Crose was able to perform *some* daily activities was not a clear and convincing reason for discrediting Crose's testimony regarding her overall limitations. *See Diedrich v. Berryhill*, 874 F.3d 634, 642–43 (9th Cir. 2017).

The ALJ's finding that Crose failed to adequately pursue mental health counseling and comply with treatment was also not a clear and convincing reason to discredit Crose's testimony. As we have explained, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Garrison*, 759 F.3d at 1018 n.24 (internal quotation marks omitted).

Finally, the ALJ's findings of inconsistencies in Crose's reports to physicians and of her possible interest in secondary gain were not specific, clear, and convincing reasons for rejecting her testimony. Crose's reports to numerous physicians over an eight-year period were consistent on the whole, and there was no clear evidence supporting Crose's interest in secondary gain.

**3.** The ALJ improperly rejected the conclusion of Dr. Toews and improperly decided that Crose's impairments did not equal Listing 12.04(C). 20 C.F.R., pt. 404, subpt. P, app. 1 § 12.04(C). Dr. Toews recommended the 12.04(C) listing after considering the combination of Crose's physical and mental impairments. The ALJ rejected the recommendation because he did not believe that Dr. Toews, a psychologist, was qualified to evaluate Crose's physical limitations. However, the ALJ overlooked the complex interactions between physical and mental impairments that resulted from Crose's somatoform disorder.

As a psychologist, Dr. Toews was qualified to opine on these complex interactions between Crose's physical and mental health symptoms. Additionally, Dr. Toews's conclusions were supported by Dr. Wilke's opinion and Crose's testimony, both of which had been improperly discounted by the ALJ. Thus, the ALJ erred in rejecting Dr. Toews's opinion that Crose's impairments met Listing 12.04(C), and in concluding that Crose was not disabled.

**4.** We exercise our discretion to remand for an award of benefits. At nearly three thousand pages, the record is fully developed, and further proceedings would not be useful. *See Garrison*, 759 F.3d at 1020. When credited as true, the improperly weighed evidence—Crose's testimony and the medical opinions of Dr. Wilke and Dr. Toews—establishes that Crose is disabled. *See id.* We therefore reverse and remand for an award of benefits.

**REVERSED and REMANDED.**